STATE v. WILLIAM LEWIS.

*Indictment for Escape—Jailer—Negligence of Assistant.*

1. In the trial of an indictment against a jailer for the escape of a prisoner in his custody, it is not necessary to prove negligence on his part, since that is implied, and the burden is upon the defendant in such case to show that the escape was not with his consent or through his negligence.

2. Where, in the trial of a jailer indicted for the escape of a prisoner, it appeared that he had entrusted some of the keys to an assistant, who, according to the testimony, connived at the escape, the trial Judge properly instructed the jury that the only question was whether the defendant had exercised due care in the employment of his assistant.

STATE *v.* LEWIS.

This was an indictment tried by *Shuford, J.*, and a jury, at May Term, 1893, of VANCE Superior Court.

The offence charged was against the defendant as jailer of said county for negligently permitting the escape of a prisoner from the county jail. It appeared from the evidence that the defendant was sick and entrusted the keys, or some of the keys, of the jail to one Jim Green, a man whom he had hired to assist him in attending to the jail—cleaning it, heating it, and in carrying the prisoners food and water; that, before he hired him, he had made inquiry as to the character of the said Green, and was informed that he was all right and a reliable man, except that he was a big liar.

There was conflicting evidence as to whether the defendant entrusted Green with all of the keys of the jail, or only some of them, and there was evidence tending to prove that some of the inner keys were furnished by someone else—a former jailer—they being duplicates which had never come into the hands of defendant—and that said Green permitted the escape.

His Honor held, and recalled the jury twice to tell them, that it made no difference whether the jailer entrusted the keys of the cells to James Green or not, but the question for them was whether he had used due care in employing a trustworthy assistant. · He had instructed them that the jailer had a right to employ an assistant and to entrust him with all the keys, but that he must be careful to employ one who was trustworthy, and if he did not use such care he would be guilty; that defendant admitted being informed that said Green was a big liar, and that they had seen Green on the witness stand and heard him admit that he had made contradictory statements about the escape.

*The Attorney General*, for the State.

*Messrs. A. A. Hicks, A. J. Harris* and *T. T. Hicks*, for defendant.

MacRae, J. (after stating the facts): Section 1022 of *The Code*, in relation to the offence above referred to, provides that "in all such cases it shall be sufficient, in support of the indictment against such Sheriff or other officer, to prove that such person so charged or sentenced was committed to his custody, and it shall lie upon the defendant to show that such escape was not by his consent or negligence, but that he had used all legal means to prevent the same, and acted with proper care and diligence."

The defendant undertook the burden of showing that the escape was not by his consent or negligence. The rule is laid down in *State* v. *Johnson*, 94 N. C., 924. "It is not necessary to prove negligence in one who has the lawful custody of the prisoner, for it is implied, and is excusable only when occasioned by the act of God or irresistible adverse force."

The defendant set up his sickness, which, if believed by the jury, was a sufficient excuse for his personal failure to prevent the escape, and the only question, as stated by his Honor, was whether he had exercised due care in the employment of his assistant. It was properly left to the jury, accompanied with the repeated instructions of his Honor.

There is	No Error.